UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WIGGINS,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES D. HARTLEY, WARDEN,<br><br>        Respondent. | Case No. CV 10-7495-CJC (OP)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254) AS UNTIMELY |

## I.

## **INTRODUCTION**

On August 16, 2010, Jerry Wiggins (Petitioner"), constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have turned the

1    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the
2 United States District Courts, the Court has examined the current Petition and
3 finds that it plainly appears from its face that Petitioner is not entitled to relief in
4 the district court. Specifically, the Court finds that the Petition is subject to
5 summary dismissal as untimely.

## II.

## PROCEDURAL HISTORY

On December 19, 2007, Petitioner was convicted after entering a guilty plea in the Los Angeles County Superior Court, case number BA331290, to possession for sale of a controlled substance (Cal. Health & Safety Code § 11375(b)). On June 5, 2008, Petitioner was sentenced to a total state prison term of six years. (Pet. at 2.)

Petitioner did not appeal the judgment of conviction to the California Court of Appeal, nor did he file a petition for review in the California Supreme Court. (Official Records of California Courts.[2])

On February 17, 2009, Petitioner filed a habeas corpus petition in the California Court of Appeal, case number B214011. On February 27, 2009, the court of appeal denied the petition. (Pet. at 4; Official Records of California Courts.)

On April 23, 2009, Petitioner filed a habeas corpus petition in the California Supreme Court, case number S172315. On September 17, 2009, the supreme court denied the petition with citation to In re Swain, 34 Cal. 2d 300, 304 (1949). (Pet. at 4; Official Records of California Courts.)

---

Petition over to the prison authorities for mailing.

[2] The Court takes judicial notice of the state appellate court records, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

2

On November 2, 2009, Petitioner filed a second habeas corpus petition in the California Supreme Court, case number S177637. On May 12, 2010, the supreme court denied the petition with citation to In re Robbins, 18 Cal.4th 770, 780 (1998), and In re Clark, 5 Cal. 4th 750 (1993). (Official Records of California Courts.)

On August 16, 2010, Petitioner constructively filed the current Petition. For the reasons discussed below, Petitioner is ordered to show cause why the current Petition should not be dismissed with prejudice as untimely.

## III.

## DISCUSSION

**A.    Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

3

**B.    The Petition Was Not Filed Within the Limitation Period.**

The current Petition is subject to the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as set forth under 28 U.S.C. § 2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner was sentenced on June 5, 2008.  (Pet. at 2.)  Petitioner did not appeal to the California Court of Appeal, nor did he file a petition for review in the California Supreme Court.  (Id. at 3; Official Records of California Courts.)  As a result, Petitioner's conviction became final sixty days later, on date August 4, 2008.  See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1).  Petitioner had until August 4, 2009, to file the current Petition.  28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner did not file the current Petition until August 16, 2010, over one year after the limitation period expired.  Thus, absent applicable statutory tolling, equitable tolling, or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), it appears that the current Petition is untimely.

**C.    Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Patterson, 251 F.3d at 1247.

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Gap tolling is unavailable between the end of a first round of state habeas petitions and the beginning of a second round of state habeas petitions. Biggs v. Duncan, 339 F.3d 1046-47 (9th Cir. 2003); see also Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003) (gap tolling denied where the grounds of the second state habeas petition were different from the grounds of the first state habeas petition). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[4]

As set forth above, Petitioner's limitation period ended on August 4, 2009. Petitioner filed his first habeas corpus petition in the California Court of Appeal

---

[4] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

5

1  on February 17, 2009.  The court of appeal denied the petition on February 27,
2  2009.  (Pet. at 4; Official Records of California Courts.)  Petitioner is entitled to
3  statutory tolling for the period during which this petition was pending pursuant to
4  28 U.S.C. § 2244(d)(2).  Thus, at the time of the denial of this petition, 168 days
5  of the limitation period remained.

6        Petitioner filed his next habeas corpus petition in the California Supreme
7  Court on April 23, 2009.  The supreme court denied the petition on September 17,
8  2009.  (Pet. at 4; Official Records of California Courts.)  Petitioner is entitled to
9  gap tolling for the fifty-five day period between the state court filings, as he
10 timely filed his supreme court habeas petition at the next level of the state court
11 system.  Carey, 536 U.S. at 219-21.  Petitioner is also entitled to statutory tolling
12 for the period during which this petition was pending pursuant to 28 U.S.C. §
13 2244(d)(2).  Thus, at the time of the denial of this petition, 168 days of the
14 limitation period remained.

15       Petitioner filed his last habeas corpus petition in the California Supreme
16 Court on November 2, 2009.  The supreme court denied the petition on May 12,
17 2010, with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Clark,
18 5 Cal. 4th 750 (1993).  (Official Records of California Courts.)  Petitioner is not
19 entitled to gap tolling for the forty-six day period between the state court filings,
20 as he did not filed this habeas petition at the next level of the state court system.
21 Carey, 536 U.S. at 219-21.  Further, gap tolling is unavailable between the end of
22 a first round of state habeas petitions and the beginning of a second round of state
23 habeas petitions.  Biggs, 339 F.3d at 1046-47.  Finally, the supreme court's
24 pinpoint citation to Robbins constitutes a "clear ruling" that the petition was
25 denied as untimely.  Thorson v. Ramirez Palmer, 479 F.3d 643, 645 (9th Cir.
26 2007).  As a result, Petitioner is not entitled to statutory tolling pursuant to §
27 2244(d)(2) for the time period this petition was pending.
28

1  Since Petitioner is not entitled to statutory tolling for the time period his
2 final supreme court habeas petition was pending, he had 168 days from the denial
3 of his first supreme court habeas petition, i.e., until March 4, 2010, to file the
4 current Petition. Petitioner did not constructively file the current Petition until
5 August 16, 2010. Thus, absent equitable tolling or an alternate start date for the
6 statute of limitations, it appears that the current Petition is untimely by 165 days.

7 **D.** **Equitable Tolling.**

8  The one-year limitation period is subject to equitable tolling if a petitioner
9 demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that
10 some extraordinary circumstance stood in his way' and prevented timely filing."
11 Holland v. Florida, __U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010)
12 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d
13 669 (2005)). A petitioner bears the burden of alleging facts that would give rise
14 to tolling. Id. "[T]he threshold necessary to trigger equitable tolling under [the]
15 AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro,
16 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation
17 omitted). This high bar is necessary to effectuate the "AEDPA's statutory
18 purpose of encouraging prompt filings in federal court in order to protect the
19 federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d
20 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted).
21 Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v.
22 Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v.
23 Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling
24 determinations "turn[ ] on an examination of detailed facts"). The face of the
25 Petition and attached exhibits do not set forth any facts showing that Petitioner is
26 entitled to equitable tolling.

27 **E.** **Alternate Start of the Statute of Limitations.**

28

7

1. **State-Created Impediment.**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

2. **Newly Recognized Constitutional Right.**

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

3. **Discovery of Factual Predicate.**

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

///

///

## IV.

## ORDER

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely. Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty days of the date of this Order. In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury. Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: October 13, 2010

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge